# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| ROSE PHOMMANYVONG, | Civil Action No.: |
| Plaintiff, | |
| v. | |
| KOHLS DEPARTMENT STORES, INC., | |
| Defendant. | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ROSE PHOMMANYVONG ("Plaintiff"), by and through her attorneys, the Law Offices of Joel E. Fenton, PLC and Kimmel & Silverman, P.C., alleges the following against KOHLS DEPARTMENT STORES, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2. This Court's jurisdiction arises under 28 U.S.C. § 1331, which

- 1 -

grants this Court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the State of Iowa therefore personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Huxley, Iowa.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a company with its principal place of business located at N56 West 17000 Ridgewood Dr., Menomonee Falls, Wisconsin 53051.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number.

11. Plaintiff has only used this number as a cellular telephone number.

12. Beginning in or around the spring of 2015 and continuing through 2015 and into 2016, Defendant called Plaintiff's cellular telephone number repeatedly.

13. When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system and/or pre-recorded or artificial voice.

14. Plaintiff knew Defendant was using an automatic telephone dialing system and/or pre-recorded or artificial voice as calls would begin with either a recorded voice or a noticeable delay or silence with no caller on the line before a live representative would come on the phone or the call would terminate.

15. Defendant's calls were not for emergency purposes.

16. Fed up with the repeated calls, in or around the fall of 2015, Plaintiff first told the Defendant to stop calling her.

17. Defendant ignored Plaintiff's request to stop calling and continued to call up to several times a day.

18. Plaintiff found Defendant's repeated calls to be frustrating, annoying, harassing, invasive, and upsetting.

19. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## COUNT I
## DEFENDANT VIOLATED THE TCPA

20. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

21. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system and/or artificial or pre-recorded voice.

22. Defendant's calls to Plaintiff were not made for "emergency purposes."

23. After Defendant was told to stop calling, Defendant knew or should have known it did not have consent to call and/or that any consent it thought it had was revoked.

24. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively, fraudulently, and absent bona fide error, lawful right, legal defense, legal justification, or legal excuse.

25. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual, and treble damages.

WHEREFORE, Plaintiff, ROSE PHOMMANYVONG respectfully prays for judgment as follows:

    a. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    c. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3);

    d. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

    e. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff ROSE PHOMMANYVONG, demands a jury trial in this case.

Respectfully submitted,

Dated: February 9, 2018                By:  /s/ Joel E. Fenton

Joel E. Fenton   IS9997761

Law Offices of Joel E. Fenton, PLC
541 31st St., Ste. C
Des Moines, IA 50312
Tel.: 515-480-1542
Email: joelfentonlaw@gmail.com

PLAINTIFF'S COMPLAINT

PLAINTIFF'S COMPLAINT